**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DELPHINE ALLEN; et al., | No. 19-16332 |
| Plaintiffs-Appellees, | D.C. No. 3:00-cv-04599-WHO |
| v. | |
| OAKLAND POLICE OFFICERS ASSOCIATION, | MEMORANDUM[*] |
| Intervenor-Appellee, | |
| CITY OF OAKLAND; et al., | |
| Defendants-Appellees, | |
| v. | |
| COALITION FOR POLICE ACCOUNTABIILTY; et al., | |
| Movants-Appellants. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted August 10, 2020[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

San Francisco, California

Before: CHRISTEN and OWENS, Circuit Judges, and BATAILLON,*** Senior District Judge.

The Coalition for Police Accountability, Rashidah Grinage, Saied Karamooz, Anne Janks and John Jones, III (collectively, "the Coalition") appeal the denial of their motion for leave to intervene as of right and permissively in this civil rights case involving police misconduct that was settled sixteen years ago, with the district court retaining jurisdiction to oversee implementation of the settlement. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the facts, we recite them only as necessary to resolve the issues on appeal. Plaintiff Delphine Allen filed this action in 2000 against the City of Oakland ("the City") for alleged misconduct in the Oakland Police Department ("OPD"). After three years of litigation, the City settled for 10.5 million dollars and entered into a negotiated settlement agreement that set out certain reforms to be completed within five years. The deadline for completion of the tasks was extended several times and the City's progress in completing the reforms has been supervised by a court-appointed monitor.

The Coalition sought to intervene in 2019, motivated by the release of details

***     The Honorable Joseph F. Bataillon, United States Senior District Judge for the District of Nebraska, sitting by designation.

surrounding the death of a homeless man who had been shot by OPD officers. It argued that the settlement agreement was not being enforced and the interests of the parties to the agreement were not adequately represented. Both parties to the settlement opposed the intervention.

After a hearing, the district court denied the Coalition's motion for intervention as of right and declined to exercise its discretion to allow permissive intervention. On appeal, the Coalition contends that our review should be *de novo* because the district court did not provide a reason for the denial, and because the decision was based on an erroneous view of the law. The Allen plaintiffs and the City argue that the district court made findings on timeliness and properly exercised its discretion in denying the Coalition's motion to intervene.

We find no error in the district court's denial of the Coalition's motion to intervene as of right or permissively. We review a district court's denial of a motion to intervene as of right pursuant to Rule 24(a)(2) *de novo*, although the district court's determinations of one of the elements of the intervention-as-of-right standard—timeliness—only for abuse of discretion.[1] *League of United Latin Am.*

---

[1] The elements of the intervention-as-of-right standard are that (1) the application must be timely; (2) the applicant must have a "significantly protectable" interest relating to the transaction that is the subject of the litigation; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the parties before the court. *League of United Latin Am. Citizens*, 131 F.3d at 1302.

*Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). Where the district court makes no finding regarding timeliness, we review that factor *de novo*. *Id.* Permissive intervention is committed to the broad discretion of the district court and we therefore review only for abuse of discretion. *Id.* at 1307; *see also United States v. $129,374 in U.S. Currency,* 769 F.2d 583, 586 (9th Cir. 1985). An abuse of discretion occurs if the district court bases its decision on an erroneous legal standard or on clearly erroneous findings of fact. *Id.* at 586.

Courts consider three factors in determining whether a motion for either intervention as of right or for permissive intervention is timely: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay. *League of United Latin Am. Citizens*, 131 F.3d at 1303, 1308. "'Any substantial lapse of time weighs heavily against intervention.'" *United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996). The determination of timeliness is analyzed more stringently where permissive intervention is sought than where the intervention is as of right. *League of Latin Am. Citizens*, 131 F.3d at 1308. A finding of untimeliness under Rule 24(a) is therefore controlling as to permissive intervention under Rule 24(b). *Id*.

Contrary to the Coalition's contention, the record shows the denial of

4

intervention as of right was based on timeliness.[2] We find no abuse of discretion in the district court's finding that the Coalition's motion was not timely. Because a finding of untimeliness is dispositive without regard to the other Rule 24(a) factors, and is controlling on permissive intervention, there is no error of law in the court's finding.

The Court's consideration of the three timeliness factors—stage of litigation, prejudice to parties, and reason for delay—is implicit in the Court's ruling. Because the district judge did not abuse his discretion in ruling the Coalition's motion was untimely, the motion to intervene was properly denied.

**AFFIRMED**.

---

[2] In the context of the overall discussion at the hearing, the district court's findings on the record make it clear that the Coalition's sixteen-year delay in moving to intervene was the reason for the denial of leave to intervene under Rule 24(a). Expressly referring to Rule 24(a), the district court stated that the Coalition had been following the issues very carefully for a long time, mentioned the Coalition's positive contribution to implementation of the settlement agreement over time, and stated that it cut against a right to intervene. The district court disagreed with the Coalition's claim that matters had deteriorated in 2016, implicitly rejecting any claim of changed circumstances to justify the delay. The fact that the district court did not address any other mandatory intervention factors is indicative of a finding of untimeliness since timeliness is a dispositive factor. Though the district court may have made short shrift of the timeliness issue in its discussion, the fact that the motion to intervene was filed twenty years after initiation of the lawsuit and sixteen years after its settlement was readily apparent and did not need to be extensively discussed.

19-16332